IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00140-BNB

TIFFANY D. THEISEN, and
RICHARD L. THEISEN,

    Plaintiffs,

v.

CITY OF WESTMINSTER MUNICIPAL COURT,
JOHN A. STIPECH, individually and in his official capacity,
JEFF CAHN, individually and in his official capacity,
PAUL D. BASSO, individually and in his official capacity, and
JAROD BALSON, individually and in his official capacity,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 04 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiffs Tiffany D. Theisen and Richard L. Theisen, a married couple, initiated this action by filing *pro se* a Complaint. On February 17, 2009, Plaintiffs filed individual amended complaints. On February 20, 2009, Magistrate Judge Boyd N. Boland ordered Plaintiffs to file a second amended complaint that is signed by both Plaintiffs and that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On March 17, 2009, Plaintiffs filed a Second Amended Complaint that was signed only by Richard L. Theisen for himself and on behalf of Tiffany D. Theisen, who allegedly was incarcerated. On March 20, 2009, Magistrate Judge Boland ordered Plaintiffs to cure this deficiency by filing a new copy of the Second Amended Complaint that is signed by both Plaintiffs. On March 23, 2009, Plaintiffs filed a new copy of the Second Amended Complaint as directed.

The Court must construe the Second Amended Complaint liberally because Plaintiffs are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Second Amended Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff[s'] failure to cite proper legal authority, [their] confusion of various legal theories, [their] poor syntax and sentence construction, or [their] unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.*

The Court has reviewed the Second Amended Complaint and finds that the Second Amended Complaint fails to comply with the pleading requirements of Rule 8. In particular, Plaintiffs fail to provide a short and plain statement of their claims showing that they are entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Notwithstanding their failure to comply with the pleading requirements of Rule 8, the Court will construe the Second Amended Complaint liberally and attempt to decipher the claims Plaintiffs are asserting in this action. Assuming the Court has interpreted Plaintiffs' claims accurately, the Court finds that the Second Amended Complaint also may be dismissed for the reasons discussed below.

Plaintiffs assert their claims in the Second Amended Complaint pursuant to 42 U.S.C. § 1983. Plaintiffs are suing the City of Westminster Municipal Court, three municipal court judges, and a prosecuting attorney. Plaintiffs allege that, following a trial in the City of Westminster Municipal Court on June 16, 2008, Tiffany D. Theisen was convicted of "Refusal to Provide Proof of Vaccination, Running at Large/Spay

Neuter Required, Running at Large, Failure to have Dog License, Failure to Display Dog License Tag, [and] Contempt." (Second Am. Compl. at ¶13.) Plaintiffs contend that Tiffany D. Theisen was denied a fair trial because she was denied a continuance and she was not allowed to present documentary evidence in her defense. Plaintiffs further maintain that:

> An actual and immediate controversy exists between Plaintiffs and Defendants. Plaintiffs contend that the challenged policies and practices violated their statutory and constitutional rights. Defendants contend that the challenged policy and practice complies with the law. Defendants have acted and are continuing to act under the color of state law depriving Plaintiffs of their statutory and constitutional rights. Plaintiffs are suffering irreparable injury and will continue to suffer a real and immediate threat of irreparable injury as a result of the existence, operation, and implementation of the challenged statute. Plaintiffs have been denied their rights and responsibilities under the law.

(Id. at ¶11.) Plaintiffs do not identify the specific policies and practices they allegedly are challenging. It also is not clear how Richard L. Theisen's federal constitutional rights have been violated as a result of his wife's municipal court trial and conviction.

As noted above, the only specific relief requested by Plaintiffs is an award of damages. However, Plaintiffs may not recover damages for the claims they are asserting in this action because those claims challenge the validity of Tiffany D. Theisen's municipal court conviction and sentence. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of a criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive

3

order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87.

Plaintiffs do not allege, and nothing in the Court's file indicates, that the municipal court conviction being challenged has been invalidated in any way. Therefore, the claims for damages are barred by *Heck* and will be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

Furthermore, even if Plaintiffs' claims for damages are not barred by *Heck*, those claims still must be dismissed. Plaintiffs' claim against the City of Westminster Municipal Court lacks merit because Plaintiffs fail to identify any municipal policy or custom that would support a claim against that Defendant. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). Plaintiffs' claims for damages against the individual Defendants are barred because those Defendants are entitled to absolute immunity. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam) (discussing absolute judicial immunity); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (discussing absolute prosecutorial immunity).

Plaintiffs' requests for declaratory and injunctive relief against the individual Defendants also lack merit and must be dismissed, primarily because Plaintiffs fail to specify the declaratory and injunctive relief they are seeking. Furthermore, a "plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured in the future." *Facio v. Jones*, 929 F.2d 541,

544 (10th Cir. 1991). Although Plaintiffs make a conclusory allegation that an actual and immediate controversy exists, they fail to allege specific facts to demonstrate that the entry of declaratory or injunctive relief will have any effect on Defendants' behavior towards them. **See Green v. Branson**, 108 F.3d 1296, 1300 (10th Cir. 1997).

Finally, the Court will address Plaintiffs' Motion for Stay of Execution seeking Tiffany D. Theisen's release from the Adams County Detention Facility, where she is serving a sentence imposed by the City of Westminster Municipal Court. The motion will be denied because the relief being sought is not appropriate in this action. If Tiffany D. Theisen wishes to pursue a claim in this Court seeking her release from custody, she must file an application for a writ of habeas corpus. **See Preiser v. Rodriguez**, 411 U.S. 475, 484 (1973). She is reminded, however, that she may not seek habeas corpus relief in federal court prior to exhausting state remedies. **See Montez v. McKinna**, 208 F.3d 862, 866 (10th Cir. 2000). Accordingly, it is

ORDERED that the Complaint, the amended complaints, the Second Amended Complaint, and the action are dismissed without prejudice. It is

FURTHER ORDERED that the Motion for Stay of Execution filed on March 17, 2009, and again on March 23, 2009, is denied.

DATED at Denver, Colorado, this __1__ day of __May__, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00140-BNB

Richard Theisen
Tiffany Theisen
4534 Adieu Circle
Colorado Springs, CO 80917

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** the above-named individuals on 5/4/09

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk